[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter first came to this Court by summons and complaint dated October 9, 1997 and returnable November 11, 1997 claiming a dissolution of marriage, the payment and sharing of debts, attorneys' fees, restoration of maiden name, an equitable division and assignment of the parties' property and debts and such other relief as the Court deems appropriate.
The Defendant appeared by counsel on November 21, 1997.
A request for leave to file amendment was filed February 20, 1998 amending the Prayer for Relief. CT Page 15446
There were filed several motions including a motion for sanctions and attorneys' fees which were never acted on.
The parties with their respective counsel appeared before the Court on December 22, 1998 and were heard.
At the time of trial Plaintiff's counsel filed an amended demand for relief asking for the following:
1. A dissolution of marriage
2. a contribution towards Plaintiff's attorneys' fees
3. the restoration of Plaintiff's maiden name.
The Court makes the following findings of fact.
The Plaintiff, whose maiden name was Karen L. Belanger, and the Defendant were married at Ledyard on November 28, 1987.
The parties have both been residents of this state for more than twelve months prior to the bringing of the complaint.
There are no children issue of this marriage.
Neither party is now or has been the recipient of State Welfare.
The marriage has broken down irretrievably with no prospect for reconciliation.
The Plaintiff stated that she made no claim for alimony.
The Plaintiff is currently residing with one Robert Miller and has been residing with him for some time.
When the Plaintiff left the marital residence, she took her clothing and personal effects and some furnishings.
The parties had resided in an apartment.
The Plaintiff has two children issue of a prior marriage whose ages are 16 and 20. CT Page 15447
Those children had resided with the parties for a number of years during the marriage.
The Plaintiff is age 41 and in good health.
Plaintiff graduated form high school and became qualified as a hairdresser.
The Plaintiff's present employment is as a cook for a health facility where she has been employed for nine months.
The Plaintiff acknowledges that the debts shown on her financial affidavit are hers amounting to $750.00.
The parties own no real estate.
Plaintiff owns a 1988 Pontiac motor vehicle on which $1,500.00 is due.
Plaintiff has no stocks, bonds, savings accounts, pension or 401K plan.
The furnishings which the Plaintiff took when she left the residence were items given to her by her mother and grandmother.
Any appliances taken by Plaintiff were replaced.
Plaintiff has received in the past some child support payments from a former spouse.
From the Plaintiff's financial affidavit the Court finds that she receives $423.50 gross, $337.94, net from her position as a cook at Village Manor Health Care.
Plaintiff's weekly expenses as shown are $311.53.
The Defendant waived any request for alimony.
The Defendant is a self-employed carpenter and has been for many years.
It is the Defendant's position that he helped to support the Plaintiff's two children for over a 10-year period.
The Defendant acknowledged that the residence of the parties CT Page 15448 remained livable insofar as furnishings were concerned after the Plaintiff moved out.
The Defendant spent funds on alcohol and controlled substances during the marriage.
In 1995 the Defendant was a guest of the state for five months on a charge of DWI and assault on a police officer in New London.
Testimony indicated that there was an additional DWI charge on another occasion.
Defendant's financial affidavit states that his weekly income from self employment is $600.00.
Weekly expenses $557.00.
There is a debt and obligation shown amounting to $21,445.00 to the Internal Revenue Services. See Defendant's Exhibit 1 showing the following IRS liabilities:
1989 $11,931.42
1990 $ 3,155.99
1993 $ 773.73
1994 $ 5,582.90
The exhibit discloses that both the Plaintiff and Defendant are obligors.
The Defendant owns a 1988 Nissan motor vehicle on which $1,000.00 is owed.
The Defendant's financial affidavit reflects the sum of $5.00 in a savings account.
 Discussion
This is a marriage of 11 years with no children issue of the marriage.
The financial circumstances on both sides are extremely CT Page 15449 modest.
The Plaintiff has moved out and gone to live with another gentleman.
There is testimony as to the use of alcohol and drugs.
There is a claim that this applied to both parties but there was no acknowledgment of such use by the Plaintiff.
The staggering debt to the IRS apparently resulted primarily from the Defendant making no quarterly estimated payments on his income and being unable to pay the taxes when they became due each year.
 The Law
The Court has considered all of the statutes which apply in matters of this nature, which include without limitation Connecticut General Statute (C.G.S.) §§ 46b-81, 46b-82, 46b-63 and 64b-62.
The Court has considered all of the applicable case law that govern the matter.
The Court has considered the testimony of the parties and all exhibits and the arguments of counsel.
The Court enters the following orders.
The Court enters no order as to alimony, both parties specifically waiving any such request.
The Court restores to the Plaintiff her maiden name of Belanger.
The financial circumstances being so modest on both sides and mindful of the Plaintiff's residence with a new friend, each party shall be responsible for their own attorneys' fees.
By agreement, the Defendant shall be entitled to the return of an oak cabinet and an antique hutch.
The Plaintiff may retain the items of personalty presently in her possession. CT Page 15450
The debt to the Internal Revenue Service being created by the Defendant's failure to make estimated payments or other provision for payment shall be the sole responsibility of the Defendant. This is the only debt shown on his financial affidavit.
The marriage is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried. (C.G.S. § 46b-40c)
Austin, J.